UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE BROPHY,

    Plaintiff,

v.

839 IAM MACHINIST UNION,

    Defendant.

Case No. 25-1013-DDC-BGS

# MEMORANDUM & ORDER DENYING
# MOTION TO DISQUALIFY COUNSEL

The matter is before the Court on pro se[1] Plaintiff Shane Brophy's motion to disqualify counsel. Doc. 14. Plaintiff seeks an order which prohibits defense counsel Tom Hammond from representing Defendant International Association of Machinists and Aerospace Workers, Local 839 (hereinafter "the Union") due to a purported conflict of interest. The Union opposes the motion. After reviewing the briefing, the Court **DENIES** the motion.

## I. Background

Plaintiff filed this lawsuit on January 17, 2025, against the Union for employment discrimination, retaliation, and failure to follow proper procedures. *See* generally Doc. 1. The complaint and the accompanying exhibits are generally hard to follow. There is a motion to dismiss pending for failure to state a claim upon which relief can be granted. Doc. 18.

## II. Legal Standard

### a. General Rules Regarding Disqualification of Counsel.

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

1

This District has adopted the Kansas Rules of Professional Conduct ("KRPC") as the applicable standard of professional conduct, "except as otherwise provided by a specific rule of this court." D. Kan. Rule 83.6.1(a). "The Court has the power to disqualify counsel at its discretion for violations of professional standards of ethics." *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998). "Disqualification of an attorney chosen by a party to represent him in a lawsuit is a serious matter. Courts have the inherent power to disqualify counsel where necessary to preserve the integrity of the adversary process." *Chapman Engineers, Inc. v. Nat. Gas Sales Co.*, 766 F. Supp. 949, 953 (D. Kan. 1991). Motions to disqualify are decided case-by-case based on their own facts. *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 1113543, at *5 (D. Kan. Mar. 24, 2011); *see also Graham by Graham v. Wyeth Lab'ys Div. of Am. Home Prod. Corp.*, 906 F.2d 1419, 1424 (10th Cir. 1990). "A motion to disqualify counsel deserves serious, conscientious, and conservative treatment." *Id.* The moving party bears the burden of proof in a motion to disqualify. *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992).

### b. KRPC 1.18 and KRPC 1.7 – Conflict of Interest Rules

KRPC 1.18 address an attorney's duties to a prospective client. That Rule states:

(a) A person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d) When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

2

> (1) both the affected client and the prospective client have given informed consent, confirmed in writing, or:
>
> (2) the lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and
>
>> (i) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
>>
>> (ii) written notice is promptly given to the prospective client.

KRCP 1.7 regulates an attorney's duties to a current client. That Rule provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client;
> (2) there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> (3) each affected client gives informed consent, confirmed in writing.

### III.  Analysis

Plaintiff's motion seeks to disqualify Tom Hammond from representing the Union due to a purported conflict of interest. His motion does not specify any rule of professional conduct, but instead more generally complains of a conflict of interest. Specifically, Plaintiff states that Mr. Hammond represents the Union and will occasionally speak to the members. The Plaintiff inquired whether Mr. Hammond could represent him in the lawsuit. Mr. Hammond responded that employment law was not his area of practice and that it would be a conflict of interest for him to discuss the case with Plaintiff. For these reasons, Plaintiff's requests Mr. Hammond's disqualification as counsel. The Defendant's response acknowledges the facts in Plaintiff's motion but maintains that none of the allegations are a basis to disqualify counsel from this case.

While the Court will not assume the role of advocate, it is mindful of Plaintiff's pro se status. Thus, the Court will construe the motion as alleging that a conflict of interest exists due to Plaintiff being a current or prospective client under KRPC 1.7 or 1.18.

The Court finds that disqualification is not warranted. In deciding a motion to disqualify counsel, the Court balances several competing considerations, including the privacy of the attorney-client relationship, the prerogative of a party to choose its own counsel, and the hardships that disqualification imposes on the parties and the entire judicial process. *Walker v. Newman Univ., Inc.*, No. 19-2005-DDC-TJJ, 2019 WL 2268971, at *2 (D. Kan. May 28, 2019). In this case, the only alleged conflict that exists is that the Plaintiff called Mr. Hammond about his case and that Mr. Hammond will occasionally speak to members on behalf of the Union. Simply being a part of union membership and inquiring about potential representation does not establish an attorney-client relationship. *Harris v. City of Kansas City*, No. 18-2084-JAR-GEB, 2019 WL 1367672, at *3-9 (D. Kan. Mar. 26, 2019) (finding that no attorney-client relationship between union counsel and union member existed despite services being provided to Plaintiff as part of union membership). Therefore, KRPC 1.7 does not apply.

Under KRPC 1.18, Plaintiff must establish (1) he was a prospective client of Mr. Hammond; (2) his interests are materially adverse to the Union; (3) the matter Plaintiff spoke to Mr. Hammond about is the same or substantially related matter as the present case; and (4) during the conversation, Mr. Hammond learned significantly harmful information. Here, Plaintiff does not elaborate on what was said during his conversation with Mr. Hammond, how the long the conversation was, or whether any confidential information was communicated. The motion only provides that Mr. Hammond informed him that he does not practice employment law. This is insufficient to establish disqualification under KRPC

4

1.18(c).  Plaintiff has not met his initial burden of coming forward with evidence sufficient to establish a prima facie case that a disqualifying conflict exists.  *Walker*, 2019 WL 2268971, at *2.  Accordingly, KRCP 1.18 does not provide a sufficient basis for disqualification.

    **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Counsel, Doc. 14, is **DENIED**.

    **IT IS SO ORDERED.**

    Dated March 25, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON  
Brooks G. Severson  
United States Magistrate Judge