IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE BROPHY,

                    Plaintiff,

v.

IAM MACHINIST UNION 839,

                    Defendant.

Case No. 25-1013-DDC-BGS

## **MEMORANDUM AND ORDER**

Pro se[1] plaintiff Shane Brophy has sued defendant IAM Machinist Union 839 for disability discrimination and retaliation. Doc. 1 at 1, 3. The Union has moved to dismiss, asserting that plaintiff's confusing Complaint fails to state a cognizable claim. Doc. 18. The court grants the Union's motion. Plaintiff—despite filing 500+ pages of "exhibits" for the court to dig through—hasn't alleged any facts suggesting that the Union discriminated or retaliated against him based on his disability. In light of this decision, the court grants plaintiff 14 days to move to file an amended complaint.

The court explains these conclusions, below.

---

[1]     Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

**I.       Background**

The court does it best to construct the following narrative from plaintiff's Complaint and the documents attached to it.[2]

Plaintiff works for Spirit Aerosystems. Doc. 1-1 at 14. He also serves as an elected union steward. *Id.* According to plaintiff's EEOC charge, he has a disability, which Spirit has accommodated. *Id.* In March 2024, plaintiff filed a complaint with the EEOC. *Id.* Then, five days later, plaintiff was reassigned. *Id.* A Spirit quality manager explained to plaintiff that the reassignment was "not a punishment" but "for the greater good of the company." *Id.* at 171.

This reassignment prevented plaintiff from serving as a union steward. *Id.* at 12. A union representative told plaintiff that the new department better suited him because of his accommodation. *Id.* Plaintiff suspects that his supervisors have discussed his disability, but he never has permitted anyone to speak about his disability or reasonable accommodation. *Id.*

Plaintiff's Complaint mentions several ethics cases involving his coworkers. Doc. 1 at 3–4. Emails attached to plaintiff's Complaint demonstrate that he filed these ethics cases with Spirit. *See, e.g.*, Doc. 1-1 at 23, 35–46, 228–33. As best the court can tell, these ethics cases have nothing to do with the Union.

---

[2]      Plaintiff has dumped hundreds of pages on the court—350 pages attached to his Complaint as an exhibit (Doc. 1-1), 72 pages of "evidence" in another, separately filed exhibit (Doc. 7), and 113 pages in yet more another exhibit (Doc. 11). After the Union moved to dismiss, plaintiff responded (Doc. 19), supplemented that response (Doc. 20), and filed yet another filing (Doc. 22). Of these documents, the court considers only the documents attached to plaintiff's Complaint. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("A district court may . . . consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (quotation cleaned up)). The court also considers plaintiff's response to the Union's motion, Doc. 19, and the supplement to that response, Doc. 20.

But the court declines to consider the rest of plaintiff's "exhibits." Our local rules specifically address exhibits to pleadings and provide that "[b]ulky or voluminous materials should not be filed in their entirety or incorporated by reference unless the court finds the materials essential and grants leave to file them." D. Kan. Rule 5.1(e).

Plaintiff's Complaint also mentions an "Article L" he filed against Lisa Whitley and Camishia Ford.  Doc. 1 at 4; *see also* Doc. 1-1 at 323.  This controversy has its origins in early 2024, when plaintiff discovered that some coworkers had circulated a petition to remove his steward badge.  Doc. 1-1 at 296.  A review of the petition found that some signatories didn't belong to the Union.  *Id.*; *see also id.* at 312.  And some signatories didn't belong to plaintiff's area.  *Id.* at 296.  According to plaintiff, the Union's bylaws require the individuals seeking to remove a steward must belong to the local lodge and belong to the area that a steward services.  *Id.* at 297.  Plaintiff alleges that Ms. Ford should've vetted the petition.  *Id.*  Ms. Ford also had others send emails about the individuals, which, according to plaintiff, violated the bylaws, so plaintiff filed "an Article L" complaint against Ms. Ford.  *Id.*  The email plaintiff sent charging Ms. Ford with an "Article L" alleges that she violated the bylaws—nothing more.  *Id.* at 334.  For Ms. Whitley, plaintiff alleges that she drove the petition.  *Id.* at 298; *see also id.* at 308.

Plaintiff now has sued the Union for disability discrimination and retaliation.  Doc. 1 at 3.  He complains of "not following proper procedures and discriminating."  *Id.*  The Union has moved to dismiss plaintiff's Complaint, arguing that it "contains no factual averments whatsoever regarding the Union's alleged wrongdoings or Brophy's claim for legal relief."  Doc. 18-1 at 6.  The court recites the legal standard governing the Union's motion, next.

II.     **Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**III.     Analysis**

Plaintiff brings a claim of disability discrimination and a claim of disability retaliation. Doc. 1 at 3. The court evaluates disability-discrimination claims under the familiar three-step *McDonnell Douglas* framework. *Litzsinger v. Adams Cnty. Coroner's Off.*, 25 F.4th 1280, 1287 (10th Cir. 2022). Because plaintiff falters at step one, the court needn't analyze the latter two parts of this test.

4

At the first step, "the plaintiff must establish a prima facie case of discrimination or retaliation." *Id.* (quotation cleaned up).  A prima facie case of disability discrimination requires a plaintiff to show three things:  "(1) that he is disabled within the meaning of the ADA; (2) that he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) that he was discriminated against because of his disability." *Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1218–19 (10th Cir. 2016) (quotation cleaned up).  The elements of a prima facie case of disability retaliation differ.  Plaintiff "must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *EEOC v. C.R. Eng., Inc.*, 644 F.3d 1028, 1051 (10th Cir. 2011) (quotation cleaned up).

Plaintiff here hasn't alleged facts sufficient to support a prima facie case of disability discrimination, nor a prima facie case of disability retaliation.  Indeed, it isn't even clear—at all—what action the Union took against plaintiff based on his disability.  At most, plaintiff has alleged that Union members violated the bylaws.  That's it.  And that's not disability discrimination or retaliation.  According to plaintiff's documents, *Spirit* accommodates his disability—not the Union.  And *Spirit* reassigned plaintiff to a different job after he filed an EEOC charge—not the Union.  The court agrees with the Union that plaintiff's Complaint is "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  That won't do.

The court thus concludes that plaintiff has failed to state plausible claims for disability discrimination and disability retaliation and grants the Union's Motion to Dismiss.  The court now must decide whether to give plaintiff a second chance.  In the supplement to his response,

plaintiff asks the court "for a curative action"—*i.e.* "to give a plain and concise statement on the wrong[]doings of IAM Local Lodge 839." Doc. 20. Given plaintiff's pro se status, the court construes this request as a motion to amend the complaint.

The court denies plaintiff's request to amend because he hasn't complied with the rules governing amendment. As relevant here, our local rules require plaintiff to file a motion to amend that sets "forth a concise statement of the amendment or leave sought[.]" D. Kan. Rule 15.1(a)(1). Plaintiff also must file his proposed new complaint. D. Kan. Rule 15.1(a)(2). And plaintiff must comply with the rules governing civil motions found in D. Kan. Rule 7.1. D. Kan. Rule 15.1(a)(4). Plaintiff hasn't complied with these requirements, so the court declines to greenlight an amended pleading.

Instead, the court grants plaintiff 14 days from the date of this Order to file a compliant motion to amend. The court warns plaintiff that it will not look kindly on a repeat of the same litigation strategy—*i.e.*, filing hundreds of pages of exhibits and telling the Union and the court to dig through them. *See Triplett v. U.S. Dep't of Def.*, No. 11-2105-SAC, 2011 WL 1113551, at *1 (D. Kan. Mar. 24, 2011) ("[N]either the court nor the adverse parties should be required to 'try to fish a gold coin from a bucket of mud.'" (quoting *United States v. Lockheed–Martin Corp.*, 328 F.3d 374, 376–78 (7th Cir. 2003))). Should plaintiff move to amend within the 14 days, plaintiff must comply with Rule 8 and file a *short and plain* statement of his claims against the Union. *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) ("[A] complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in a morass of irrelevancies." (quotation cleaned up)). The court also warns plaintiff that, moving forward, it will not consider any of his existing filings. *See above* n.2.

If plaintiff fails to move to amend within 14 days, the court will dismiss this case without prejudice.

## IV.     Conclusion

The court grants the Union's Motion to Dismiss (Doc. 18).  Plaintiff has 14 days to file a motion to amend.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 18) is granted.

**IT IS FURTHER ORDERED THAT** the court construes plaintiff's supplement (Doc. 20) as a motion to amend and denies the motion.

**IT IS FURTHER ORDERED THAT** the court grants plaintiff 14 days to file a compliant motion to amend.  If plaintiff fails to file a motion within 14 days, the court will dismiss this case without prejudice.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2025, at Kansas City, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree
United States District Judge**