**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHANE BROPHY,**

**Plaintiff,**

**v.**

**IAM MACHINIST UNION 839,**

**Defendant.**

**Case No. 25-1013-DDC-BGS**

**MEMORANDUM AND ORDER**

After finding pro se[1] plaintiff Shane Brophy's initial Complaint lacking, the court granted him leave to amend. He has seized that opportunity, filing an Amended Complaint (Doc. 33).[2] Defendant IAM Machinist Union 839 has moved to dismiss this new pleading. Doc. 36. The court, as explained below, grants the Union's motion.[3] It begins its explanation with the background facts, accepting plaintiff's allegations as true and construing them in the light most favorable to him. *Morphew v. Chaffee County*, 172 F.4th 802, 813 (10th Cir. 2026).

[1] Because plaintiff proceeds pro se, the court construes his filings liberally—but won't serve as his advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

[2] Though it's missing a few of the usual features of a pleading, the court follows the magistrate judge's lead and construes this document as plaintiff's Amended Complaint. *See* Doc. 35.

[3] Plaintiff failed to respond to the Union's motion. As a result, the court ordered plaintiff to show cause for this failure. Doc. 44 at 1. The court also established a deadline for plaintiff to file his response brief. *Id.* Plaintiff responded to the court's Show Cause Order, outlining he and his family's recent health issues and explaining that he emailed defense counsel. Doc. 45. The court finds that this response provides good cause for plaintiff's failure. Nevertheless, plaintiff still hasn't filed a response to the motion, despite the court's explicit instructions. Doc. 44 at 1. The court thus rules the Union's motion without the benefit of plaintiff's response.

Plaintiff works for Spirit Aerosystems. *See* Doc. 33 at 1.[4] Spirit provides him with accommodations for his disability. *Id.* At some point, Spirit and the Union discussed plaintiff's restrictions and medical information without his authorization. *Id.* He faults the Union for failing to keep his medical information private.

After this unauthorized disclosure, Spirit moved plaintiff to a new work area. *Id.* Spirit claims plaintiff's new position was less physically taxing and compliant with plaintiff's disability-related restrictions. *Id.* Plaintiff disagrees, calling this move "unjust." *Id.* at 3. His previous position accommodated his restrictions. *Id.* at 2. And, in his new position, he no longer serves as a union steward. *Id.* By moving plaintiff, Spirit violated its own policies. *Id.* Though Spirit claims it moved plaintiff because of plaintiff's romantic relationships, the relationships didn't violate Spirit policy. *Id.* And plaintiff had adjusted to make sure that the relationships didn't affect his work. *Id.*

The Union calls plaintiff's allegations "woefully deficient" and has asked the court to dismiss the Amended Complaint—with prejudice—for failure to state a claim, violating Fed. R. Civ. P. 12(b)(6). Doc. 36 at 1. For a Rule 12(b)(6) motion, the court looks to the pleading standards in Fed. R. Civ. P. 8. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

[4] The allegations in plaintiff's Amended Complaint are difficult to track; the court does its best to construe his filing liberally.

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Liberally construed, plaintiff's Amended Complaint brings two claims[5] against the Union for sharing plaintiff's health information: (1) a violation of the Health Insurance Portability and Accountability Act (HIPAA); and (2) a violation of the Americans with Disabilities Act (ADA). Neither can survive the Union's motion.

Plaintiff's HIPAA claim fails to state a cognizable claim. "HIPAA does not create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). The court thus dismisses this claim.

Plaintiff also asserts that the Union violated the ADA by disclosing his medical information. The ADA regulates disclosure of medical information under certain circumstances. 42 U.S.C. § 12112(d)(3)(B); *see also EEOC v. C.R. Eng., Inc.*, 644 F.3d 1028, 1046 (10th Cir. 2011) (describing ADA rules around medical examinations and inquiries). Unfortunately for plaintiff, this regulation applies only to employment-related medical exams and inquiries. *See generally* 42 U.S.C. § 12112(d)(3); *see also C.R. Eng.*, 644 F.3d at 1046–47. Break that down.

---

[5] The court doesn't construe plaintiff's Amended Complaint to bring a claim based on his move from one work area to another. He calls the move "unjust." Doc. 33 at 3. That's it. The court declines to construct a legal theory based on this move because "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The anti-discrimination provision of the ADA prohibits covered entities[6] from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination can include requiring a job applicant or employee to undergo medical exams and inquiries. *Id.* § 12112(d)(1). That said, employers can require a medical exam after offering a job to an applicant. *Id.* § 12112(d)(3). If the employer does so require, the ADA mandates that an employer treat an applicant's medical information and history "as a confidential medical record" (subject to a few exceptions). *Id.* § 12112(d)(3)(B). If the employer fails to keep the employee's medical information and history confidential, then the employer might face liability under the ADA.

But this scenario isn't the one plaintiff's Amended Complaint alleges. Far from it. Plaintiff never alleges that the Union employed him, much less that it gave him an employment-related medical exam. *See generally* Doc. 33. The court thus dismisses plaintiff's ADA claim.

The court dismisses these claims with prejudice. A "dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022) (quotation cleaned up). Plaintiff's HIPAA claim is doomed because HIPAA doesn't confer a private right of action. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (calling a claim "futile" where "the underlying statute does not create a private right"). And the Union doesn't employ him, so his ADA claim for unlawful disclosure of medical information falters from the start. No amendment could cure these issues.

---

[6] The court assumes without deciding that the Union is a covered entity.

The court already has given plaintiff an opportunity to amend his claims. Doc. 27 at 6. That Order explained the requirements of Rule 8 and the elements of a disability claim. *Id.* at 5–6. Plaintiff has failed to utilize this second chance to state a cognizable claim. Nor has he requested leave to amend his Amended Complaint. The court thus dismisses this case in its entirety. The court directs the Clerk of Court to enter Judgment consistent with this Order and close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 36) is granted.

**IT IS SO ORDERED.**

**Dated this 19th day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**